MATTER OF TAHSIR

In Visa Petition Proceedings

A–19450829

*Decided by Board December 8, 1976*

(1) This is an appeal of the denial of an immediate relative visa petition based on a report which was not shown to petitioner.

(2) The regulations provide for the use of "classified" information without the petitioner's right to inspect it only upon a finding by the regional commissioner that the information is relevant and classified under E.O. 11652 (8 C.F.R. 103.2(b)(2)). In addition, the regional commissioner's authorization to use such classified information must be made a part of the record of proceeding. Also, petitioner should be given notice of the general nature of the information and an opportunity to rebut it if it can be done without jeopardizing the safety of the information and its source.

(3) Where denial of the petition is based upon "classified" information which is not shown to petitioner, and the requirements of 8 C.F.R. 103.2(b)(2) are not followed, the record will be remanded to afford petitioner an opportunity to inspect and rebut the adverse information or for appropriate classification of the information by the regional commissioner in accordance with the above regulation.

ON BEHALF OF PETITIONER:   Alan E. Pike, Esquire
18 Tremont Street
Boston, Massachusetts 02108

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. In a decision dated March 5, 1976, the District Director denied the petition on the ground that the petitioner had failed to establish eligibility for the status sought. The record will be remanded for further proceedings.

The visa petition is supported by certificates attesting to the petitioner's birth in the United States on May 22, 1953, and marriage to the beneficiary on February 3, 1975. The District Director's decision, on the other hand, appears to be based upon a report which has not been shown to the petitioner.

The District Director's decision recites that the petitioner and the beneficiary appeared for an interview, together with their attorney, on

56

March 2, 1976. During the course of this interview, on the advice of their attorney, the parties refused to answer specific questions which appear to have been raised by the aforementioned report. When their attorney advised the parties to answer no more questions until he could see whatever report the questions came from, he was informed that he could see only the record portion of the file. The interview was then terminated and the visa petition was subsequently denied for lack of prosecution.

The report, upon which the District Director appears to have based his denial, is a part of the record before us. Although the report has some type of security classification, it does not appear to have been treated as such by the District Director. The regulations provide for the use of "classified" information without the petitioner's right to inspect it, only upon a finding by the regional commissioner that the information is relevant and classified under Executive Order No. 11652 (37 FR 5209; March 10, 1972). 8 C.F.R. 103.2(b)(2). In addition, the petitioner should be given notice of the general nature of the information and an opportunity to offer opposing evidence, if it can been done without jeopardizing the safety of the information and its source. More importantly, the regional commissioner's authorization to use the "classified information" must be made a part of the record of proceeding. In this case, there is no evidence in the record that any of these procedures have been followed.

There is nothing in the record to indicate that the petitioner was aware of the evidence impugning the beneficiary's capacity to contract a valid marriage with her. The regulations require that she be given an opportunity to inspect the record. See 8 C.F.R. 103.2(b)(2); *Matter of Holmes*, Interim Decision 2274 (BIA 1974); *Matter of Arteaga-Godoy*, Interim Decision 2171 (BIA 1972); Cf., *Matter of Mata*, Interim Decision 2454 (BIA 1975).

Moreover, there is no indication that the District Director's memorandum to the Board, dated September 8, 1976, was ever served on the petitioner. The regulations require that "an appeal, cross-appeal, answers thereto and accompanying brief, if any, shall become part of the record of proceeding and, if filed by an officer of the Service, a copy shall be served on the party affected." 8 C.F.R. 103.3(a). Unless this memorandum is served on the petitioner it cannot become a part of the record.

Accordingly, the record will be remanded in order that the petitioner may be given an opportunity to inspect and rebut the adverse evidence upon which the District Director relied, or for the classification of such evidence in accordance with 8 C.F.R. 103.2(b)(2).

ORDER: The record is remanded to the District Director for further proceedings in accordance with the above opinion and the entry of a new decision.